**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MATTRESS FIRM, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:17-7880** |
| | § | |
| **DENVER MATTRESS CO., LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mattress Firm, Inc. files this Original Complaint against Defendant Denver Mattress Co., LLC and states as follows:

### I.

### INTRODUCTION

For many years, Mattress Firm was the premier national retailer of Tempur-Pedic and Sealy-brand mattresses and accessories ("Tempur Sealy Products"). In early 2017, Mattress Firm ended its contractual relationship with Tempur-Pedic North America, LLC and Sealy Mattress Company, Inc., but Mattress Firm still has tens of millions of dollars' worth of genuine Tempur Sealy Products in inventory that it continues to sell. Despite knowing this fact, Denver Mattress Co., LLC ("Denver Mattress")—a competitor of Mattress Firm—has launched a television and internet advertising campaign that falsely represents to consumers that Tempur Sealy Products cannot be purchased at Mattress Firm. After receiving Mattress Firm's demand that it take the advertisements down, Denver Mattress refused to discontinue or alter the advertisements in any way, forcing Mattress Firm to file this suit for monetary and injunctive relief.

## II.

## PARTIES

1.      Plaintiff Mattress Firm, Inc. ("Mattress Firm") is a Delaware corporation with its principal place of business in Harris County, Texas.

2.      Defendant Denver Mattress Co., LLC ("Denver Mattress") is a Colorado limited liability company that regularly conducts business in Texas. Denver Mattress may be served through its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.

## III.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction under 15 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the state-law claims asserted under 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Denver Mattress because it has maintained minimum contacts with the State of Texas sufficient to subject it to personal jurisdiction consistent with due process under the Fourteenth Amendment to the United States Constitution. As detailed in the Background section below, Denver Mattress regularly conducts business in Texas, and the claims against it arise out of or relate to its contacts with Texas.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Denver Mattress resides in this district and because all or a part of the events or omissions giving rise to Mattress Firm's claims occurred in this district.

**IV.**

**BACKGROUND**

6.     Mattress Firm is a nationwide retail chain that, until recently, was the premier retailer of Tempur Sealy Products. Mattress Firm terminated its contractual relationship with Tempur-Pedic North America, LLC and Sealy Mattress Company, Inc. (both subsidiaries of Tempur Sealy International, Inc. and referenced herein as "Tempur Sealy") in early 2017, but Mattress Firm still has tens of millions of dollars' worth of genuine Tempur Sealy Products in its stores and warehouses that it is entitled to sell.

7.     Denver Mattress is a Tempur Sealy retailer that sells Tempur Sealy Products across the country in the regular course of its business. According to its website, Denver Mattress has over 20 retail stores in Texas, including locations in this district and division. *See* http://denvermattress.furniturerow.com/dmc/locations/index.jsp?pageSize=10000.

8.     On May 12, 2017, Denver Mattress began running a television advertising campaign for Tempur Sealy Products, including in this district and division, urging consumers to buy Temper Sealy Products at Denver Mattress and not at Mattress Firm, emphasizing: "**Don't go to Mattress Firm. They don't carry [Tempur Sealy products] anymore."** Denver Mattress's advertisement is running in cities across the country, including Austin, Boise, Charlotte, Cincinnati, Denver, Evansville, Grand Rapids, Little Rock, Louisville, Portland, Salt Lake City, San Antonio, Spokane, Springfield, and the Tri-Cities. It has also published the advertisement online on YouTube and on other websites.

9.     On information and belief, Denver Mattress created and published this advertisement with encouragement and financial support from Tempur Sealy. Tempur Sealy and Mattress Firm are currently engaged in a legal dispute in Harris County, Texas, in both state and

federal court, stemming from the termination of their commercial relationship. The termination of Mattress Firm's relationship with Tempur Sealy caused a massive decline in the value of Tempur Sealy's stock, and spawned multiple lawsuits, and Tempur Sealy has repeatedly and maliciously sought to retaliate against Mattress Firm and interfere with its business. Furthermore, Tempur Sealy is known to exercise substantial oversight and control over the advertising practices of many of its contractually-authorized retailers, such as Denver Mattress, and on information and belief, Tempur Sealy has done so here for the purpose of maliciously interfering with Mattress Firm's ability to sell its remaining inventory of Tempur Sealy Products.

10.     Denver Mattress's advertisements are false and misleading because they state or imply, when considered in context, that Tempur Sealy Products cannot be purchased at Mattress Firm. That statement is false. Mattress firm has a multi-million-dollar inventory of genuine Tempur Sealy Products that it is entitled to advertise and sell, and Denver Mattress's misrepresentations to the public are likely to lead consumers to believe that this is untrue, or that the products that Mattress Firm sells are not genuine or are counterfeit.

11.     On May 24, 2017, Mattress Firm sent Denver Mattress a cease-and-desist letter, informing Denver Mattress that its advertisements are false and misleading, and demanding that Denver Mattress immediately taken them down. Denver Mattress, however, refused to alter or discontinue the advertisements, arguing that because Mattress Firm is no longer a contractually "authorized" Tempur Sealy retailer, that means Mattress Firm does not "carry" Tempur Sealy Products, so Denver Mattress's advertisements are technically accurate. Denver Mattress's argument strains the meaning of the word "carry" and takes it out of context. But Denver Mattress's message to consumers is not technical and does not parse the meaning of its words:

the message is that Tempur Sealy Products cannot be purchased at Mattress Firm, and that is false.

12.     Denver Mattress's advertisements intentionally deceive consumers and, if not stopped, would impair Mattress Firm's ability to sell tens of millions of dollars in inventory. Unless Denver Mattress is immediately and permanently enjoined from misinforming the public about Mattress Firm's business and products, Mattress Firm will sustain imminent, irreparable harm to its reputation, goodwill, and business interests.

## V.

## CAUSES OF ACTION

### Count 1:
### Unfair Competition in Violation of Section 43 of the Lanham Act

13.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

14.     Denver Mattress's false and misleading advertisements constitute unfair competition that is likely to deceive a substantial segment of Mattress Firm's customers and potential customers, and influence their purchasing decisions. Denver Mattress's false and misleading advertisements will also injure Mattress Firm's reputation, goodwill, and business interests.

15.     Denver Mattress's unfair competition is unlawful under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); is intentional, wanton and willful; and occurred in interstate commerce.

16.     As a proximate result of Denver Mattress's actions, Mattress Firm has suffered and will continue to suffer lost profits and damage to its goodwill, reputation, and business interests. Mattress Firm therefore seeks an award of Denver Mattress's profits, an award of damages, and equitable and injunctive relief as provided by law.

**Count 2:**
**False Advertising in Violation of Section 43 of the Lanham Act**

17.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

18.     Denver Mattress's false and misleading advertisements misrepresent the nature, characteristics, and qualities of Mattress Firm's products and services, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Denver Mattress' misconduct is intentional, wanton and willful, and occurred in interstate commerce.

19.     Denver Mattress's advertisements have deceived and are likely to continue to deceive consumers, affecting their purchasing decisions and their image of Mattress Firm.

20.     As a proximate result of Denver Mattress's actions, Mattress Firm has suffered and will continue to suffer lost profits and damage to its goodwill, reputation, and business interests. Mattress Firm therefore seeks an award of Denver Mattress's profits, an award of damages, and equitable and injunctive relief as provided by law.

**Count 3:**
**Common Law Unfair Competition**

21.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

22.     Denver Mattress's false statements constitute unfair competition that is likely to cause confusion, including, but not limited to, deceiving customers into believing that Mattress Firm does not sell Tempur Sealy Products, or that the Tempur Sealy Products it sells are not genuine or are counterfeit.

23.     As a proximate result of Denver Mattress's actions, Mattress Firm has suffered and will continue to suffer lost profits and damage to its goodwill, reputation, and business interests, for which it seeks an award of damages and equitable relief under state law.

**Count 4:**
**Unjust Enrichment**

24.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

25.     Denver Mattress's unfair competition and false advertising has unjustly enriched Denver Mattress at Mattress Firm's expense by, among other things, improperly diverting Mattress Firm's customers to Denver Mattress. It would be unjust and unconscionable for Denver Mattress to retain the benefits it has wrongfully received and continues to wrongfully receive as a result of its unlawful conduct.

26.     Mattress Firm seeks to recover all of Denver Mattress's profits attributable to its false and misleading advertising.

## VI.

## <u>REMEDIES SOUGHT</u>

### Injunctive Relief

27.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

28.     Immediate injunctive relief is necessary to prevent irreparable harm to Mattress Firm and to preserve this Court's ability to award meaningful relief to Mattress Firm for Denver Mattress's wrongful and malicious conduct.

29.     Mattress Firm is likely to succeed on the merits of its claims against Denver Mattress. Mattress Firm has tens of millions of dollars in genuine Tempur Sealy Products in inventory that it is entitled to sell and is attempting to sell. Denver Mattress knows this, but has deliberately misled the public that Tempur Sealy Products cannot be purchased at Mattress Firm, or that the products for sale at Mattress Firm are not genuine or are counterfeit. Denver Mattress's false and misleading statements are unlawful under the Lanham Act, and under state law, because they misrepresent Mattress Firm's business and the products that it sells, allowing

Denver Mattress to gain an unfair competitive advantage through unlawful means.

30.     Unless Denver Mattress is immediately and permanently enjoined from continuing its false and misleading advertising, Mattress Firm will suffer imminent and irreparable harm. Not only do the advertisements diminish the goodwill and reputation of Mattress Firm, which is inherently difficult to measure and quantify, but Denver Mattress's unfair competition and false advertising threatens to permanently impair Mattress Firm's ability to sell tens of millions of dollars in inventory that it lawfully acquired and is entitled to sell. Like many other products on the market, Tempur Sealy Products lose their marketability as time passes and new or improved products are introduced. The more time passes, the more difficult it becomes to sell the products. Even if Mattress Firm ultimately prevails on the merits, which is likely, its losses due to the passage of time, while consumers are wrongfully diverted from Mattress Firm to Denver Mattress with misleading advertising, will be difficult to measure and quantify. The full extent of Mattress Firm's loss will be irreparable, and injunctive relief is necessary to prevent that irreparable harm from occurring.

31.     The public interest, and the balance of the equities, strongly favors injunctive relief. Denver Mattress has no legitimate interest in falsely advertising to the public that Mattress Firm does not sell Tempur Sealy Products, when, in fact, it does sell those products (until its remaining inventory is gone), at competitive prices that are beneficial to the public. Granting an injunction will promote the public's interest in truthful advertising and competition, and it will preserve Mattress Firm's right to conduct business, and sell its products, free from wrongful and unfair competition.

32.     Mattress Firm therefore requests a temporary restraining order; a preliminary injunction until the time of trial; and, upon final trial, a permanent injunction prohibiting Denver

Mattress from publishing false advertising that states or suggests that Tempur Sealy Products cannot be purchased at Mattress Firm.

## Damages and Statutory Penalties

33.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

34.     Mattress Firm requests an award of Denver Mattress's profits from its wrongful conduct, an award of actual and consequential damages, statutory treble damages, and all other remedies provided by law.

## Disgorgement

35.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

36.     Plaintiffs request an award of disgorgement of all profits received by Denver Mattress as a result of its wrongful conduct.

## Punitive Damages

37.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

38.     Because Denver Mattress's wrongful acts were committed knowingly, intentionally, and maliciously, Mattress Firm seeks an award of punitive damages in an amount to be determined by the trier of fact.

## Attorneys' Fees and Costs

39.     Mattress Firm re-alleges and incorporates the foregoing allegations by reference.

40.     Mattress Firm presented its claims to Denver Mattress, and demanded that Denver Mattress cease and desist its unlawful conduct, but Denver Mattress failed and refused to comply.

41.     Mattress Firm has engaged counsel to represent it in this action and has agreed to pay them a reasonable fee.

42.     Mattress Firm seeks an award of reasonable and necessary reasonable attorneys' fees and expenses, as permitted by the Lanham Act and other applicable law.

**VII.**

**JURY DEMAND**

43.     Mattress Firm requests a jury trial.

**VIII.**

**PRAYER**

Mattress Firm prays that Denver Mattress be cited to appear and answer herein, and that Mattress Firm have and recover judgment against Denver Mattress as follows:

    a)     temporary, preliminary, and permanent injunctive relief;

    b)     actual damages;

    c)     disgorgement of profits;

    d)     reasonable and necessary attorneys' fees and expenses;

    e)     punitive damages;

    f)     pre-judgment interest;

    g)     post-judgment interest;

    h)     taxable court costs; and

    i)     all other relief to which Mattress Firm may be entitled.

Respectfully submitted,

HICKS THOMAS, LLP


*/s/ John B. Thomas*
John B. Thomas
State Bar No. 19856150
jthomas@hicks-thomas.com
Stephen M. Loftin
State Bar No. 12489510
sloftin@hicks-thomas.com
700 Louisiana, Suite 2000
Houston, Texas 77002
Tel: 713.547.9100
Fax: 713.547.9150

James R. Old, Jr.
State Bar No. 15242500
jold@hicks-thomas.com
111 Congress Avenue, Suite 1010
Austin, TX 78701
Tel:  512.827.7990
Fax: 409.419.1733

ATTORNEYS FOR PLAINTIFF
MATTRESS FIRM, INC.